[PHILADELPHIA, FEBRUARY 18, 1837.]

## CLARK *against* BAKER and Another.

### IN ERROR.

1. Statements made by an alleged agent, when not in the exercise of his authority, or before it originated, or after it has ceased, are not admissible to affect his principal.

2. The agency of a party cannot be proved by his declarations.

3. In an action for lumber furnished to certain buildings which had been erected under an agreement made by the defendant, the owner of the building, with A., a carpenter, and B., a bricklayer, it was *held,* that a certificate, signed by A. and B., setting forth that all the claims for lumber and materials had been paid, was not admissible against the plaintiffs, although A. was dead: And B , having been examined as a witness on the part of the plaintiffs, it was *held* that he could not be asked if he had not stated verbally or in writing, that "all the bills, for work, labour and materials," had been paid prior to the institution of the suit.

WRIT of error to the District Court for the City and County of Philadelphia, to remove the record of an action on the case, brought by George N. Baker and Benjamin Baker, trading under the firm of G. N. & B. Baker, against John Y. Clark.

The plaintiffs were lumber-merchants, and the action was brought to recover the price or value of certain lumber furnished by them, and used in the erection of certain buildings belonging to the defendant.

At the trial before Judge STROUD, on the 12th of November, 1835,

(Clark *v.* Baker.)

it appeared that an agreement was entered into on the 17th of January, 1831, between the defendant and one Charles R. Middleton, a carpenter, who was dead at the time of the trial, for the erection of the buildings in a certain specified manner, and for a certain price, to be paid by the defendant to Middleton, by instalments. Shortly after this date, as was testified by a witness, a conversation took place between Middleton and the defendant; when, upon the former representing that the terms were too low for him, the defendant said that he should not lose any thing by the contract; and it was agreed that the work should go on, some alterations having been made in the plan. The defendant's counterpart of the contract, however, was cancelled, but at what time did not appear.

The plaintiffs produced several witnesses who had furnished materials for the buildings, to prove that they had been paid in whole or in part by the defendant. The plaintiffs' books of original entries were also produced; showing the lumber, for the price of which the suit was brought, to have been furnished to "C. R. Middleton for John Y. Clark."

The defendant's counsel, after examining a witness to prove the original contract, and also to prove payments to Middleton by the defendant, offered in evidence a certificate, signed by Charles R. Middleton and Enoch Middleton, bricklayer, and dated the 22d of June, 1832, setting forth that all bills, either for work done or for materials found for the buildings, were paid, and consequently that no claims or liens could be filed against them. The admission of this paper was objected to by the counsel for the plaintiffs, and rejected by the court; whereupon the defendant's counsel excepted.

After other testimony had been given in support of the claim, the plaintiffs' counsel examined one John M. Ogden, who proved that he had measured the work at the request of Middleton; and that at the time Middleton called upon him for the purpose, he had some conversation with him in relation to the contract between him and Dr. Clark. The counsel for the defendant objected to any statement of the conversation between the witness and Middleton, in the absence of the defendant; but the court overruled the objection, and admitted the evidence, to which the defendant's counsel excepted. The witness then stated, that he asked Middleton how it was that the buildings were to be measured, having understood that there was a contract. He, (Middleton,) said there had been a contract, but it was cancelled and thrown aside, &c.

The plaintiffs' counsel then called Enoch Middleton, who testified to conversations had by himself and his brother Charles R. Middleton, with the defendant, in relation to the contract, and the erection of the buildings, showing that the contract had been abandoned,

(Clark *v.* Baker.)

and that the buildings were erected under an arrangement by which the defendant was to pay for the materials furnished. He also testified as to a payment made by Middleton to the plaintiffs, having been on account of other buildings.

The defendant's counsel then again offered in evidence the certificate beforementioned, signed by the Middletons, "to contradict and explain the evidence in relation to the payment made by Charles R. Middleton to the plaintiffs;" but the plaintiffs' counsel objected; and the paper was again rejected by the court, and the defendant's counsel excepted.

After further testimony given, the counsel for the defendant proposed to ask the witness the following question. "Have you stated verbally, or in writing, that all the bills for work, labour, or materials, done or furnished to these buildings, were paid prior to the institution of this suit, or on, or about the 22d of June, 1832," which question was objected to by the counsel for the plaintiffs, and overruled by the court; whereupon the counsel for the defendant excepted to the opinion of the Court.

The jury having found for the plaintiffs, the defendant took a writ of error, and on the removal of the record, assigned the following errors.

1. "In receiving evidence of conversations between John M. Ogden and C. R. Middleton, as evidence in relation to a contract made between C. R. Middleton, and Dr. Clark; the same not having taken place in Dr. Clarke's *presence.*

2. In rejecting the certificate signed by C. R. Middleton and Enoch Middleton, when offered in evidence by the defendants, on several occasions.

3. In refusing to allow E. Middleton to be asked, whether he had not stated verbally or in writing, " *that all the bills for work, labour and materials were paid,*" prior to the institution of this suit, or on or about the 22d June, 1832."

Mr. *Brashears* and Mr. *Williams,* for the plaintiff in error, contended.

1. That the declarations of Middleton were not admissible to charge the defendant. They cited *Roscoe on Evidence,* 29. *Blight* v. *Ashley,* (1 *Peter's C. C. Rep.* 15.) 4 *Taunton,* 519, 565; 10 *Ves.* 123. *Hough* v. *Doyle,* (4 *Rawle,* 294.) *Vicary* v. *Moore,* (2 *Watts,* 451.) *Shelhamer* v. *Thomas,* (7 *Serg. & Rawle,* 109.) *Magill* v. *Kauffman,* ( 4 *Serg. & Rawle,* 321.) *Paley on Agency,* 187. *Bigham* v. *Ridgway,* (10 *East,* 112.)

2. That the certificate was evidence to show payment to Middleton, and that he was the agent of the plaintiffs, and to explain an

account rendered by the plaintiffs to Middleton, on which they credited him with the sum of $1000. 1 *Starkie*, 308-9.

3. That the Court ought to have allowed the question to be put to the witness; the object being to contradict his parol evidence and explain the transaction relating to the mortgage.

Mr. *Meredith, contra.*

The defendant was bound by the acts and declaration of Middleton, whether the contract was in force or not; as it appeared that he had employed him as his agent to purchase materials. *Rich* v. *Cole,* (*Cowper,* 636.) 1 *Esp. N. P. Rep.,* 350. *Campbell* v. *Baker,* (2 *Watts,* 83.) · *Roscoe on Evidence,* 30. *Watkins* v. *Vince,* (2 *Starkie,* 368; S. C. 3 *Eng. Com. Law Rep.* 386.) 1 *Ld. Raym.* 225. The evidence was properly admitted in the situation in which the case stood at that time. *Hough* v. *Doyle,* (4 *Rawle,* 294.) *Richards* v. *Murphy,* (1 *Wharton's Rep.* 185.) *Deardorf* v. *Hildebrand,* (2 *Rawle,* 226.) *M'Coy* v. *Lightner,* (2 *Watts,* 347.) At all events, if the fact has been clearly proved by other testimony, the court will not reverse on this ground. *Rife* v. *Galbreath,* (3 *Penn. Rep.* 204.) *Stump* v. *Teasdale,* (1 *Rawle,* 374.) *Brown* v. *Downing,* (4 *Serg. & Rawle,* 498.) 2 *Hen. & Munf.* 55. *Wolverton* v. *The Commonwealth,* (7 *Serg. & Rawle,* 273.) *Francisons* v. *Reigart,* (4 *Watts,* 98, 477.)

The opinion of the Court was delivered by

SERGEANT, J.—As to the first error. A person acting for another in the course of the business intrusted to him, and within the scope of his authority, represents his principal; and statements made by him under these circumstances, are evidence against the principal. Statements not in the exercise of his authority, or before it originated, or after it has ceased, are no more than those of a stranger, and are not admissible to affect the principal. C. R. Middleton, after the stores were erected, employed the witness as one of the measurers; and in the course of a conversation between them, in answer to a question by the witness, he said there had been a contract between Clark and himself, but it had been cancelled and thrown aside. This appears to have been a statement made, not in the course of his alleged agency for the erection of the stores, but after it had ceased; and it had no connection with the employment of the witness as measurer, but related to another matter occurring long prior. It cannot be said that Clark employed him to make this statement as to the original contract, or that any declaration on the subject to the witness, was necessary, or within the scope of Middleton's authority. It seems rather to have been a question of curiosity on the part of the measurer than of business; for his authority to measure, and his right to compensation, were independent of it.

Besides, it is a rule that the agency itself cannot be proved by the

(Clark *v.* Baker.)

declarations of the agent without oath, and in the absence of the party to be affected by them. *Plumstead* v. *Rudebaugh,* (1 *Yeates,* 502.) The question whether C. R. Middleton was the agent or not of Clark, for having the stores erected, depended on another question, whether the original contract subsisted or was cancelled, and a general authority was given. In the former case, the remedies of the workmen and material men would be against Middleton, or the building; in the latter there was also a remedy against Clark. To allow C. R. Middleton's statements, to prove that the contract was cancelled and thrown aside, was, in effect, to permit his agency to be proved by his declaration.

2 and 3. These errors are not sustained.

Judgment reversed, and a *venire de novo* awarded.