196    110
25 SC 371

## Frisbie *v.* McFarlane (No. 1).

*Practice—Judgment—Verdict.*

A judgment must conform to the verdict on which it is entered, and if a verdict is rendered against two parties it is error to enter judgment against one party only.

*Contract—Breach—Defense—Set-off—Partnership.*

In an action by one firm against another firm for a breach of contract where the defendants set up breaches by the plaintiffs and two other firms, on the theory that the three firms are identical, the charge of the court is inadequate if it makes no reference to the facts that the three firms were distinct not only in name, but in the persons of the partners, and in the time of the contracts in which they were concerned. In such a case

the jury should be charged that the presumption is that the firms were not identical, and that the burden of showing that they were identical was upon the defendants. A statement in the charge that it was a material question in the case whether one of the firms was financially interested in another of the firms, is misleading and erroneous.

Argued March 12, 1900.  Appeal, No. 253, Jan. T., 1899, by plaintiffs, from judgment of C. P. Bradford Co., Dec. T., 1893, No. 331, on certificate for defendants in case of Hiram Frisbie and Horace Kipp, trading as Hiram Frisbie & Co. v. James McFarlane, J. Thorne, Samuel Thorne, trading as James McFarlane & Co.  Before McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ.  Reversed.

Assumpsit for breach of contract.  Before LYNCH, P. J.

The court charged as follows:
[There are two vital questions in this case, well worthy of consideration by you.  The first question is, were these three alleged firms, Hiram Frisbie & Co., G. W. Kipp & Co. and Kipp & Kizer, in fact, one and the same firm?] [1] and the second is, what is the damage?  Now, damage means simply compensation given to one for the actual injury suffered by him.

In 1887, James McFarlane & Co. were the owners of a large tract of timber land, containing, so far as this case is concerned, about 5,614 acres, in Sullivan county, and these other gentlemen mentioned, Frisbie, Kizer and the Kipps, were lumbermen.  On December 28, 1887, James McFarlane & Co. without giving the individual names of the firm, entered into a written agreement with Hiram Frisbie & Co., without also giving the individual names of this firm, by which McFarlane & Co. sold all the hemlock timber on the lands in question at the rate of $1.75 for every cord of hemlock bark peeled by McFarlane & Co. on these lands.  There was a certain provision that McFarlane & Co. should peel 4,000 cords the first year, but by a supplementary agreement, entered into on August 4, 1888, that was changed to 2,000, but that is not the question now.  Hiram Frisbie & Co. agreed to pay for all the timber the price of $1.75 per cord.  If peeled in 1888, they were to pay one third of the price, as rated by the cord of bark, on or before June 10, 1889, and another third on August 10, 1889, and the last third on

November 10, 1889, and they were to make payments in the
same manner in each of the succeeding years.   Frisbie & Co.
also agreed that they would not, without the consent in writing
of McFarlane & Co., assign this contract or any rates thereof to
any parties whatever.   Now, the amount of shortage is not dis-
puted, as I understand it.   The shortage for the years 1891 and
1892 is admitted to be $4,545\frac{17}{128}$ cords.   So that if there were
nothing else in the way, the plaintiffs would be entitled to re-
cover the market value, less $1.75, the price agreed to be paid
for the timber.   The amount of that is easily figured out, and
there is no dispute as to that fact.

[First, then, I will call your attention to a few matters proper
for your consideration, and one of them is whether these three
alleged firms were one and the same firm, because you will ob-
serve that if they were in fact the same firm, it makes a great
difference in the result here.   As I stated on the trial, it is a
fact, and it is the law, that names do not matter, but what was
the fact and truth as to that question?   First, consider that in
the contract of 1887 the individual names are not given.   It is
signed " Hiram Frisbie & Co."   Shortly after this contract was
executed it seems that G. W. Kipp appeared upon the premises
and, as he states, invested some money for an interest in another
firm, the firm of G. W. Kipp & Co., and was to receive a sal-
ary for managing the firm of Hiram Frisbie & Co.   So far as
the evidence goes, Frisbie did not appear upon the place at all.
He was eliminated from the business and from this case at a
very early stage of the case, so that the people with whom you
have to deal are Horace E. Kipp, George W. Kipp and E. F.
Kizer.   George W. Kipp and Horace E. Kipp testify now on
this trial that George W. Kipp was not one of the firm of
Hiram Frisbie & Co.   If you believe from this evidence that
George W. Kipp was concerned or entitled to the profits of
that concern, and liable for the losses, he was a partner, no mat-
ter what he testifies to.   That is, if you believe from the
evidence that that was the case.   The mere fact of saying a
man is or is not a partner does not make him a partner nor re-
lieve him from the responsibility of a partner.   George W. Kipp
was the principal manager of the business.   What did Hiram
Frisbie & Co. do, if there was no one in that firm but Hiram
Frisbie and Horace E. Kipp ?   Substantially nothing; because

at an early stage in the proceedings the stocking, as I understand it, the cutting of the trees and getting them to a certain place, which you will remember, was let by G. W. Kipp for Hiram Frisbie & Co., as he says, to Patrick Dorsey, or Dorsey Bros., so that you have Dorsey stocking and G. W. Kipp & Co., or Kizer, manufacturing and selling. What Frisbie & Co. did is pretty hard to discover, if the firm consisted simply of Hiram Frisbie and Horace E. Kipp.] [2]

Next, you have another firm, or alleged firm, concerned in this matter, of Kipp & Kizer. You will remember what they testified to as to that. Now, the two Kipps and Mr. Kizer have substantially testified here, although I do not pretend to give their words—that is for you to remember, and all these facts are entirely for you to pass upon and settle—the two Kipps and Kizer now testify that they were not financially interested in the firm of Hiram Frisbie & Co. It is alleged, and you have heard the testimony here, that at a former trial of this same case in this court they did testify that they were interested as partners in the firm of Hiram Frisbie & Co. Now, you are to decide that question, and in reaching your conclusion you will consider the appearance of the witnesses upon the stand, their interest in the case, if you find that they have such an interest, their contradictions in material matters, and whether they were interested financially in the firm of Hiram Frisbie & Co. is a material question in this case. And in arriving at your conclusion as to that, you will consider the sort of men they are, their business ability and intelligence, and whether they fully understood the questions and answered, knowing what they said. If they did at a former trial answer, with a full knowledge, that they were financially interested in the firm of Hiram Frisbie & Co., it ought to have very great weight with you in determining now whether they were members of the firm of Hiram Frisbie & Co. Several of the persons who testified here, you will remember, admit that they are financially interested in the result of your verdict. They are competent witnesses under the present law of this state, but you must scrutinize their testimony with care, because we all know, and the law recognizes the fact, that financial interest sometimes will swerve unconsciously a man in giving his testimony. There are very many other matters which it is unnecessary for me to

go over. I simply call your attention to what seems to be the pith of this branch of the case.

Certificate and judgment for defendants for $9,836.82. Plaintiffs appealed.

*Errors assigned* were (1, 2) above instructions, quoting them; (3) that the charge was inadequate and misleading; (4) in refusing to strike off judgment.

*William Maxwell* and *Rodney A. Mercur*, with them *James H. Codding*, for appellants.—If the general effect of a charge has a tendancy to mislead, it is cause for reversal, though no particular portion of the charge be clearly erroneous: Washington Mutual Fire Ins. Co. v. Rosenberger, 3 W. N. C. 16; Peirson v. Duncan, 162 Pa. 187; Erie City Pass. Ry. Co. v. Schuster, 113 Pa. 412; Bughman v. Byers, 21 W. N. C. 494; Phila., Wilm. & Balt. R. R. Co. v. Alvord, 128 Pa. 42; Armstrong v. Hussey, 12 S. & R. 315; Musselman v. East Brandywine & Waynesburg R. R. Co., 2 W. N. C. 105; L. V. R. R. Co. v. Brandtmaier, 113 Pa. 610.

A judgment must follow the verdict: Moser v. Mayberry, 7 Watts, 12; Nelson v. Lloyd, 9 Watts, 24; Donnelly v. Graham, 77 Pa. 274; Murdy v. McCutcheon, 95 Pa. 435; Corcoran v. Trich, 20 W. N. C. 372.

One of two partners sued jointly has a right, where both have been served, to insist that the plaintiff shall take his judgment against both defendants or neither: Willard v. Graham, 1 W. N. C. 241; Carson v. Carson, 25 W. N. C. 358.

*I. McPherson* and *D. C. DeWitt*, for appellees.

OPINION BY MR. JUSTICE MITCHELL, May 21, 1900:

This judgment must be reversed for wide departure from the verdict on which it was entered. Hiram Frisbie and Horace Kipp, trading as Hiram Frisbie & Co. brought suit against McFarlane & Co. and at the last trial the jury rendered a verdict for defendants with a certificate in their favor. The parties stood as above stated, the jury were sworn, and the verdict rendered, upon the record in that form. But without regard to all this, judgment was entered by precipe from counsel in

favor of defendants against Horace Kipp, G. W. Kipp and E. F. Kizer trading as Hiram Frisbie & Co., for the amount of the certificate given by the jury. Such judgment was wholly without warrant of any kind. A judgment must conform to the verdict on which it is entered. The addition of G. W. Kipp and E. F. Kizer, who were not parties at all to the suit, is the subject of a separate appeal and will be considered in that case. But the omission of Hiram Frisbie was error of which Horace Kipp has just cause of complaint. Frisbie was his coplaintiff on the record, the jury were sworn and the verdict rendered jointly against both. There was no authority to omit one from the judgment.

If this were all the judgment might merely be reversed and the case sent back for the entry of a new judgment conforming to the verdict. But there is a more vital error.

The action was for breach of a lumber contract in writing between Hiram Frisbie & Co. and James McFarlane & Co. the names of the individual partners of either firm not appearing in the contract. The breach alleged by plaintiffs was admitted but the defense was upon other breaches by Frisbie & Co., G. W. Kipp & Co. and Kipp & Kizer, the essential element of the defense being that these three firms were identical. A set-off of this nature against the parties plaintiff on the record is available to the defendants as was held in Chambers v. Davis, 3 Wharton, 40, which will be more particularly noticed in the next case, Kipp et al.'s Appeal, post, p. 116. But under the circumstances of this case it required to be presented to the jury with particular care and discriminating reference to the evidence. This we are obliged to say it did not receive. No reference was made to the facts that the three firms were distinct not only in name, but in the persons of the partners, and in the dates of the contracts in which they were concerned, this last consideration being of such importance that the contract of Kipp & Kizer on which they were brought into the case was not made until after this suit had been begun by Frisbie & Co. The presumption was that the firms were not identical, and the burden of showing that they were, was upon the defendants, but no hint to that effect was given to the jury. On the contrary they were charged, inter alia, " So far as the evidence goes Frisbie did not appear upon the place at all. He was eliminated from the busi-

ness and from this case at a very early stage of the case, so that the people with whom you have to deal are Horace E. Kipp, Geo. W. Kipp and E. F. Kizer." And again, "whether they (G. W. Kipp and Kizer) were interested financially in the firm of Hiram Frisbie & Co. is a material question in this case." For one firm to be financially interested in another is a different thing from being identical with it in such sense as to make both responsible for what either does, yet this was all the instruction the jury received on this subject. We are obliged to say that the charge was not only inadequate but misleading.

Judgment reversed and venire de novo awarded.