## HAMMOCK *v.* ROBINSON.

Where a husband, alleging himself to be the owner and in possession of a described tract of land, filed his equitable petition in which he sought to recover damages for past acts of trespass thereon, and to enjoin the defendant from continuing acts of trespass on the premises, on the ground that he was insolvent, and where in his answer to this petition the defendant set up that the controversy was one over the true boundary between the plaintiff's land and an adjoining tract owned by him, and that the alleged acts of trespass were committed on his own land, and in his answer by way of cross-action prayed that the boundary line between them be declared to be the one which he claimed, and that the land upon which the alleged acts of trespass were committed be declared to be his land, the court below erred, upon the written motion of the defendant (in which it is alleged that the title to the premises in dispute was in the wife of the plaintiff at the time the suit was instituted, and that the same was instituted with her knowledge and acquiescence), in passing an order making the wife a party plaintiff in the case, over her objection, raised by timely demurrer and answer, that said motion set forth no facts which authorized the grant of such order.

(a) Conceding that the suit was instituted by the husband with the knowledge and consent of the wife (which fact the wife denied), but not at her instance, such circumstance would not render such order appropriate.

(b) It not being alleged by the defendant that it was necessary to obtain against the wife any equitable relief in order to successfully defend this suit against the husband, but the contrary appearing, the wife could not have been made a party defendant to the cross-action of the defendant, if the defendant had sought to make her such party.

No. 4857.   June 20, 1925.

Equitable petition. Before Judge Littlejohn. Macon superior court. March 6, 1925.

*J. J. Bull & Son,* for plaintiff in error.

*Jule Felton* and *Jule W. Felton,* contra.

HINES, J. On August 10, 1922, J. W. Hammock filed his equitable petition for trespass against John W. Robinson. In it he alleged that he had been damaged by acts of trespass already committed, and, alleging that the defendant was insolvent, he

sought to enjoin the defendant from further acts of trespass. He alleged that he was the owner, and was in possession of the premises on which the defendant was trespassing. He prayed for an injunction restraining the defendant from further trespassing upon his said land, and for judgment against the defendant for $200 for damages already done. In answer to the petition the defendant denied the substantial allegations upon which the plaintiff relied for injunction and relief. He further set up, that the dispute between them was over the boundary line between their respective tracts of land, that he only claimed to the true boundary, that the line between these tracts had been processioned and marked anew, that the processioners marked the line to which he claimed, that their report was filed, and no protest was made by any party, and that the plaintiff moved the posts and markers placed on the line by the processioners. The defendant by way of cross-petition prayed that the correct line, being the line run by the processioners, be, upon the trial of the case, established as the true line, and that all the land in his tract west of said line may be decreed to be his.

The case was referred to an auditor who made a report finding against the plaintiff. The case was recommitted to the auditor, by consent, upon the application of the plaintiff. At this stage of the proceeding the defendant filed his written motion to have Minnie Lou Hammock, the wife of the plaintiff, made a party plaintiff in said case. In this motion he asserted: that plaintiff alleged himself to be the owner of the premises in dispute, and that he had occupied the same by himself and guardian for twenty years; that plaintiff went into the trial of said case and took his chances upon a judgment therein; that after judgment by the auditor one of his attorneys was heard to say that the plaintiff would now contend that this land, the boundary of which is in dispute, belonged to his wife and not to him, and that the judgment in said case would not bind him; that upon investigation the defendant found on record in the clerk's office of the superior court of said county a deed from plaintiff to his wife, dated January 5, 1922, and recorded January 12, 1922; that the wife of plaintiff knew of the bringing of the petition for injunction in said case and acquiesced in the same; and that it is necessary and proper that she be made a party plaintiff in the case, and be required to

submit to whatever judgment may be rendered therein by the auditor. A rule nisi issued, requiring the wife to show cause why she should not be made a party plaintiff in said case and required to abide by the judgment therein rendered, and why an order should not be passed directing that she be made such party. To the motion to make her a party the wife demurred on the grounds: (1) that the allegations in said motion are not in law sufficient; (2) that under the facts the defendant has no right to make her a party plaintiff in this proceeding; (3) that the allegations of her knowledge and acquiescence in the petition for injunction are insufficient; (4) that plaintiff has no right of action and no title or interest in the property; and (5) that there is no community of interest between her and defendant by which she should be made a party plaintiff. In her answer to the rule nisi she admitted the execution, delivery and record of the foregoing deed from her husband to her, and alleged that it was made in good faith; but she denied that she knew that the plaintiff had brought the petition for injunction against the defendant, and that her title to said property was involved therein; and she further alleged that she neither knew nor was informed that the plaintiff claimed to own this land, and that she neither acquiesced in the suit nor consented to it. She prayed that the motion to make her a party be dismissed and that she be not made a party to said proceeding.

It appears from the brief of evidence introduced before the auditor that the plaintiff swore he was in possession of and cultivating a part of the land in question just before the filing of this suit. On the hearing of this motion plaintiff testified that his wife did not know that this action had been brought until after it was submitted to an auditor; that she was not consulted about bringing the suit, and had never agreed for any action to be brought.

After considering the motion and pleadings in the case the court ordered and adjudged that Minnie Lou Hammock be made a party plaintiff as prayed, and authorized her to plead and set up such rights as she may have in said case, and that she abide by and be bound by such judgment as may be rendered therein. To this judgment making her a party she excepts and assigns error thereon.

Was the court right in making the wife of the plaintiff, on motion of the defendant, a party plaintiff over her objection?

Ordinarily a plaintiff must come into court voluntarily. There is no process known to the law by which one person can compel another to sue him. Frisbie v. McFarlane, 196 Pa. 116 (46 Atl. 358, 79 Am. St. R. 696). Sometimes a plaintiff can make another a party complainant, or can sue in the name of another, without his authority and against his wishes, when such course is necessary to enable one to assert his rights. *Fain* v. *Garthright, 5 Ga. 6; Hargraves* v. *Lewis, 6 Ga.* 207; *English* v. *Register, 7 Ga.* 387. But the remedy of the defendant, where there is a non-joinder of a necessary plaintiff, is either to demur specially to the petition where lack of such necessary party appears upon its face, or to raise the question by plea, where the lack of such party does not appear upon the face of the petition. Then if the plaintiff does make the necessary party a plaintiff with him, his suit will be dismissed upon such demurrer or on proof of such plea. This will always furnish a defendant with an ample remedy in such a case.

It is true that whenever any extraordinary equitable relief or remedy is claimed in aid of any action or defense, the same may be claimed from the superior courts, or the judges thereof, either in the original petition and answer, or by amendment thereto, by proper pleadings for that purpose. Civil Code (1910), § 5412. It is likewise true that any defendant may also, when it is necessary to obtain complete relief, make necessary parties; and may by proper pleadings and sufficient proof obtain the benefit of extraordinary remedies allowed in equitable proceedings in the superior court. Civil Code (1910), § 5411. In the present case the defendant in his answer by way of cross-petition does not assert any equitable rights against the wife, and in his answer does not seek any equitable relief against her. He does seek to have the boundary line between the tract of land claimed by the husband and his tract established, and that the strip of land in dispute be declared to be his property. It is not necessary to have the wife made a party to this suit in order that the defendant may successfully defend the same. If it were necessary for him to set up some equitable right against the wife in order to succeed in defeating the plaintiff's action, then he could, by proper pleadings, have made the wife a party defendant to his cross-action, and thus enforce such equity or right. Civil Code (1910), §§ 5406, 5408, 5409, 5410. What he seeks is to have the wife made

a party so that her title to the premises in dispute can be adjudicated against her and in his favor. This in effect would be setting out a new and distinct cause of action; and is not permissible. Civil Code (1910), § 5683. The status of the wife is not different from that of any other person who might have title to this land. The wife denies that the husband's suit was brought with her knowledge and consent; but, conceding such to be the case, this fact would not authorize the defendant to move to have her made a party plaintiff to this cause, against her wishes and over her objection. Nor does the fact that the title to land is in the wife entitle the defendant to have her made a party against her wishes. She should not be forced to assert her title to this land against the defendant if she does not wish to do so. She should not be made a party nolens volens and be forced to take sides with her husband, if she did not wish to litigate with the defendant, or to sever and refuse to join with her husband in his suit, which might produce friction and domestic infelicity.

Besides, the motion of the defendant to make the wife a party shows that the husband did not own this land at the time the suit was instituted. For this reason he can not succeed in this suit. It follows that the defendant has a conclusive legal defense to this proceeding; and that no valid reason exists why the wife should be brought into this litigation without her consent. In *Atlanta Trust &c. Co.* v. *Nelms,* 115 *Ga.* 53 (41 S. E. 247), it was held that "It was not erroneous to deny an application for a plaintiff to make another person a party to a pending cause, where no sufficient reason therefor is set forth; and the more especially is this so when the application, besides being bad in substance, is attacked by a good special demurrer which is not met by appropriate amendment." The converse of this proposition must necessarily be true. The grant of an application to make another person a party plaintiff to a pending suit, over objection, where no sufficient cause is set forth in such application, is erroneous. So we are of the opinion that the trial judge erred in making the wife, over her objection, a party plaintiff with the husband in this litigation.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent for providential cause.*