## Coleman et ux. v. Gilpin

*Francis H. S. Ede*, for petitioner.
*Henry K. Van Sickle*, contra.

LAUB, J., May 6, 1940.—The above-named plaintiffs instituted an action in trespass against the above-named defendant for damages arising out of an alleged automobile collision between the automobile operated by plaintiff Francis C. Coleman and the automobile operated by defendant, Leo C. Gilpin.

The statement of claim sets forth that the negligence was that of defendant, Leo C. Gilpin, and does not include any other person as a defendant, or allege negligence on the part of any other person contributing to the injuries complained of by plaintiffs.

On January 2, 1940, Beatrice Gilpin obtained a rule from said court to show cause why she should not be permitted to intervene as a party defendant in the above

cause of action, setting forth that she is the wife of defendant and that she was a guest in defendant's car and suffered numerous bruises and injuries from the collision aforesaid, and that, therefore, she desires to intervene as a party defendant for the purpose of filing her claim against plaintiff, Francis C. Coleman. She does not aver that she has any claim against the coplaintiff, Margaret S. Coleman.

The question for decision is whether a person not named a defendant in an action of trespass and who does not in any way claim to be connected with the operation of the car that caused the damage complained of can be made a party defendant merely for the purpose of pleading a counterclaim against one of the plaintiffs for damages alleged to have been sustained by petitioner. The principles governing intervention are as follows:

"Intervention is a proceeding by which one not originally made a party to an action or suit is permitted, on his own application, to appear therein, and join one of the original parties in maintaining his cause of action or defense, or to assert some cause of action in favor of the intervener against some or all of the parties to the proceeding as originally instituted. . . . In intervention a new party comes into a litigation already pending for the purpose of assisting the one or the other of the original parties, or of acting in hostility to both. . . .

"No general right to intervene in actions at law is conferred by the Pennsylvania statutes, but the right is secured by various statutes relative to particular actions and proceedings.

"When allowable, the granting of a petition to intervene is often within the discretion of the trial court, it being a judicial and not an arbitrary discretion, and, generally speaking, unless some property right of the person seeking to intervene is prejudicially affected, he will not be allowed to intermeddle in a suit to which he was originally a stranger": 2 Standard Pennsylvania Practice 424, §95.

A defendant comes into court under compulsion but plaintiff must come voluntarily. There is no process known to the law by which one man can compel another to sue him: Frisbie v. McFarlane (No. 2), 196 Pa. 116, 119.

As we understand the petition, petitioner does not say that she in any way was concerned with the operation of her husband's automobile, but that she was a passenger therein and suffered personal injuries due to the alleged negligence of the male plaintiff, Francis C. Coleman. Petitioner relies on the case of Falsey et ux. v. Park, 20 D. & C. 346. We do not think this case flatly rules the instant case. Petitioner, in our opinion, is relegated to the Act of May 8, 1895, P. L. 54, sec. 1, which is as follows:

"That whenever injury, not resulting in death, shall be wrongfully inflicted upon the person of the wife, and a right of action for such wrongful injury accrues to the wife, and also to the husband, these two rights of action shall be redressed in only one suit brought in the names of the husband and the wife."

To this petitioner replies that her husband intends to set up his counterclaim for damages in the present action. However, there is no affidavit of defense yet filed which shows that this is his intention. He can just as well at the present stage of the proceeding not file his affidavit of defense but join with his wife in an action against plaintiff Francis C. Coleman, and bring himself in compliance with the aforesaid act of assembly. If the suit is promptly instituted, on application of counsel, such action and the present one can be consolidated and tried together. Any other view of the instant case would tend, in our opinion, to produce confusion and tend to frustrate justice to the parties.

In a suit brought by an administrator against a beneficial society for death benefits, the court has no power to permit a son of decedent, who claims benefit, to intervene as a defendant: Thomas, admx., v. Lancaster Lodge, etc., 32 Lanc. L. R. 86.

We therefore make the following order:

And now, May 6, 1940, the rule to show cause why Beatrice Gilpin should not be permitted to intervene as a party defendant in the above case is discharged. The costs of this proceeding are to be paid by petitioner.