## Standard Sewing Machine Company *v.* Royal Insurance Company of Liverpool, Appellant.

*Trial—Special verdict—Judgment—Insurance.*

It is the province of a special verdict to find and place on record all the essential facts in the case. This includes the disputed as well as the undisputed facts. What is not found by the verdict is presumed not to exist, and no inferences as to matters of fact are permitted to supply the facts themselves which the verdict should have found. In entering judgment, the court is confined to the facts found by the special verdict, and unless they are sufficiently found no judgment can be entered. The jury must find the facts and the court declare the law on the facts so found.

In an action upon a policy of fire insurance a special verdict is fatally defective which finds but three of the many necessary facts to support a judgment, but is silent as to whether a policy of insurance, the basis of the action, was issued to the plaintiff, and the terms of the policy; as to what property was insured and where situated; as to the loss of or damage to the insured property and whether it occurred within the life of the policy; and as to the cause of the loss, whether by fire or otherwise. In such a case the fact that the defendant agreed that one of the questions propounded to the jury might be answered in the affirmative is entirely immaterial, since the jury must incorporate all of the facts in the verdict.

*Insurance—Fire insurance—Limitation as to loss.*

Where a manufacturer of machinery insures machines under a policy which provides that the loss should in no event exceed what it would " cost the insured to repair or replace the same with material of like kind and quality," the measure of damages is not the market value of the property destroyed, but what it will cost the insured as a manufacturer to replace it.

Argued Jan. 13, 1902. Appeal, No. 250, Jan. T., 1900, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1896, No. 430, on special verdict for plaintiff in case of Standard Sewing Machine Company v. The Royal Insurance Company of Liverpool. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Assumpsit on a policy of fire insurance. Before Wiltbank, J.

The special verdict is quoted in the opinion of the Supreme Court.

When George H. Bedient, a witness for plaintiff, was on the stand, he was asked this question:

" Q. What would it have cost you to have replaced those machines, or to have put as good machines of the same kind into that building in the same condition, with all the appurtenances, connections and appliances connected with them if you were going to replace the same with material of like kind and quality ? "

Objected to, objection overruled, exception noted for defendant. [1]

" A. Am I required to answer that as a manufacturer, or as a purchaser in the market ?   Q. As purchaser in the market—knowing market values.    A. Market value, I think that it would cost me $1,727."

Mr. Barlow : I object to the question and the answer.

The Court: " Q. Are we to understand you as saying that $1,727 would represent the cost of restoration or replacing of these machines from the open market according to market value ?    A. That is my answer; yes, sir."

Objected to, objection overruled, exception noted for defendant. [2]

Verdict for plaintiff for $1,747, and judgment on the special verdict.    Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence ; (11) in entering judgment on the special verdict.

*Harry P. Brown*, with him *Thomas W. Barlow* and *Richard P. White*, for appellant.—A special verdict is fatally defective if it does not find all the material facts in the case : Wallingford v. Dunlap, 14 Pa. 31; Vansyckel v. Stewart, 77 Pa. 126 ; Thayer v. Society of United Brethren, 20 Pa. 60 ; Berkes County v. Jones, 21 Pa. 413 ; Loew v. Stocker, 61 Pa. 347; Appel v. Byers, 98, Pa. 484 ; Marr v. Marr, 103 Pa. 468.

A policy of insurance when the premium paid is a single premium, is an entire contract and the act of one coinsured in violation of any condition of the policy will bind the coinsured and avoid the policy: Fire Assn v. Williamson, 26 Pa. 196 ; Gottsman v. Penna. Ins. Co., 56 Pa. 210.

*Thad. L. Vanderslice*, with him *W. H. Redheffer*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 3, 1902:

This was an action of assumpsit on a fire insurance policy issued by the defendant. On the trial the court below instructed the jury to return a special verdict and to answer the following questions:

1. Did Bedient take possession of the property in the interest of the machine company, and let Markle and Merryman hold it for the company after the assignment for the benefit of creditors and prior to the fire in question?

2. Did the machine company thus acting through Bedient subject the property to hazard not contemplated by the policy and stipulated against by the provisions thereof?

3. What was the loss? This is to be estimated by the cost of repairing or replacing the property with material of like kind and quality so as not to exceed the limit thus indicated.

The first question was, by agreement of counsel, answered in the affirmative; the jury returned a negative reply to the second question; and to the third question, the answer was $1,747. Subsequently the court entered judgment on the verdict in favor of the plaintiff for $1,747.

This appeal is by the defendant and error is alleged in the ruling of the court on the measure of damages, in the construction put upon the policy of insurance by the court, and in entering judgment on the special verdict, the defendant claiming that the facts found were not sufficient to sustain the judgment.

The last reason assigned for reversing the judgment of the court below may be considered first.

It is the province of a special verdict to find and place on record all the essential facts in the case. This includes the disputed as well as the undisputed facts. What is not found by the verdict is presumed not to exist, and no inferences as to matters of fact are permitted to supply the facts themselves which the verdict should have found. In entering judgment, the court is confined to the facts found by the special verdict, and unless they are sufficiently found no judgment can be entered. The jury must find the facts and the court declare the law on the facts so found. Such are the requisites of a special verdict as held in all our cases. In Wallingford v. Dunlap, 14 Pa. 33, it is said: "It is of the very essence of a special verdict that the jury should find the facts, on which the

court is to pronounce judgment according to law. And the court will not intend anything, especially any fact not found by the jury. . . . The undisputed facts ought to have been incorporated in the special verdict. . . . The court is confined to the facts found by the special verdict. And when a special verdict is given, the court ought to confine its judgment to that verdict. . . . But this special verdict is so defective and erroneous, and the judgment so anomalous in being entered partly on the verdict and partly on what was called undisputed facts, that we must do what has often been done before, reverse the judgment and send the case back for a new trial." Mr. Justice Mercur, delivering the opinion of the court in Vansyckel v. Stewart, 77 Pa. 126, says : " It (special verdict) must include both disputed and undisputed facts. The court will not infer a fact not found by the jury. It must declare the law on these facts alone. As all the essential facts must be found in the verdict, it follows that it cannot be aided by intendment or by extrinsic facts appearing upon the record." In Tuigg v. Treacy, 104 Pa. 498, Clark, J., speaking for the court, says : " We cannot resort to the testimony, or to such extrinsic matters as were undisputed at the trial, or avail ourselves of such even as appear upon the record. It is of the very essence of a special verdict, that the facts found are those upon which the court is to pronounce judgment, according to law. What is not thus found is presumed not to exist, the verdict being conclusively the complete result of the jury's deliberation upon the whole case presented."

In delivering the opinion of the court in the comparatively recent case of McCormick v. Royal Insurance Company, 163 Pa. 194, Chief Justice Sterrett says : " Nothing is better settled, on principle as well as authority, than that all the facts upon which the court is to pronounce judgment should be incorporated in the special verdict. It is the exclusive province of the jury, in the first place, to determine all disputed questions of fact, from the evidence before them ; and then their special verdict is made up of those findings of fact, together with such undisputed facts as may be necessary to a just decision of the cause. . . . The court, in considering a special verdict and entering judgment thereon, is necessarily confined to the facts found and embodied in the verdict ; the latter cannot be aided

by intendment or extrinsic facts that may appear in the evidence."

Applying these principles to the case in hand, it is apparent that the verdict here is fatally defective. As said by Chief Justice BLACK in Thayer v. Society of United Brethren, 20 Pa. 63, "the jury found a special verdict, but it omits almost every important fact." Here the verdict found but three of the many facts necessary to support a judgment. It is silent as to whether a policy of insurance, the basis of this action, was issued to the plaintiff, and the terms of the policy; as to what property was insured and where situated; as to the loss of or damage to the insured property and whether it occurred within the life of the policy; and as to the cause of the loss, whether by fire or otherwise. Other omissions of fact might be suggested, but those named are sufficient to show that the verdict is wholly inadequate to sustain the judgment entered by the court below. A special verdict more barren of facts is not to be found in the reported cases.

The learned counsel for the appellee attempts to support the sufficiency of the finding by alleging that the appellants' counsel acquiesced in the verdict because he agreed that the first question propounded to the jury might be answered in the affirmative. This is the only argument adduced in support of the verdict and it is without any force whatever. It does not follow that the admission of a fact by counsel is an agreement by him that an insufficient special verdict may be rendered. That would be a most singular and wholly illogical deduction from his act. But if the appellants' counsel had admitted any or all of the facts of the case, it would not have relieved the jury from its duty of incorporating them in the verdict. His consent that the jury might return an affirmative reply to one of the questions of fact submitted by the court can have no other or greater effect. As we have seen the undisputed as well as the disputed facts must appear in the verdict, or it is fatal error to enter a judgment upon it.

The first and second assignments of error raise the question as to the proper measure of damages. In these assignments, the court, against defendant's objection, admitted testimony to show the market value of the machines destroyed, thereby holding that to be the measure of the damages. In his charge the

learned trial judge told the jury that the loss "is to be estimated by the cost of repairing or replacing the property with material of like kind and quality so as not to exceed the limit thus indicated. That is to say, the insuring company has stipulated that in the event of a loss for which it is responsible, it will pay the assured money which, however, must not exceed the cost of repairing or replacing the property lost with material of like kind and quality." The plaintiffs' testimony shows that the cost of replacing the machines by purchasing in the market would be $1,727. The loss found by the special verdict was $1,747, the amount for which the machines were insured. It also appeared from the plaintiffs' evidence that it would have cost the plaintiffs $1,283.93 to restore or replace these machines as they were at the time of the fire.

The first paragraph of the policy provides as follows : "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality." It is evident that in his ruling as to the measure of damages, the learned trial judge did not properly construe this provision of the contract between the parties. The plaintiff was the "insured" and was the manufacturer of these machines. Under the clause of the policy just quoted, the loss could "in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality." The court failed to give due weight to this provision of the policy. The actual cash value of the property at the time of the fire was the measure of damages, but it could not exceed what it would cost the insured to replace it. This would exclude the market value of the property as a measure of damages and would permit the plaintiff to recover only what it would cost him, the insured who was the manufacturer, to replace it. The language of the policy is plain and unambiguous, and the court should have interpreted it and given the jury the measure of damages suggested.

We are relieved from considering the alleged errors complained of in the fourth, seventh, eighth and ninth assign-

ments, by the agreement of appellants' counsel to an affirmative answer to the first question propounded to the jury.

The first, second and eleventh assignments of error are sustained, the judgment is reversed and a venire facias de novo is awarded.