# Reese *v.* Peoples Coal Co., Appellant.

*Mines and mining—Negligence—Joint tort feasors—Amendment —Practice, C. P.*

Where in an action of trespass against a coal mining company and a railroad company to recover damages for injuries to surface from failure to furnish support, the record is amended by leave of the court, so as to omit the railroad company as a party defendant, a judgment may be subsequently entered on a verdict against the coal company alone.

In such a case a statement averring damages for failure to furnish a "proper support" is sufficient to cover both lateral and vertical support as the company owes a common law duty to furnish both kinds of support.

*Practice, C. P.—General verdict—Special findings—Special verdict.*

The practice of having the jury make special findings in relation to a general verdict under a full charge, is not common in Pennsylvania, but it is one that may be claimed as a matter of right by either litigating party.

A general verdict accompanied by answers to specific questions is not a special verdict.

In an action to recover damages for injury to the surface because of failure to furnish both lateral and vertical support, where the court after a general charge submits to the jury the question whether their verdict is based (1) on the failure to furnish lateral support, or (2) whether it is based on failure to furnish vertical support or (3) whether it is based on failure to furnish both kinds of support, and the jury negatives the first two questions and answers the third in the affirmative and gives a money verdict for plaintiff, the court commits no error in entering judgment on the verdict.

Argued March 9, 1916.    Appeal, No. 30, March T., 1916, by defendant, from judgment of C. P. Lackawanna Co., Jan. T., 1913, No. 365, on verdict for plaintiff in case of S. M. Reese v. Peoples Coal Company.    Before OR-LADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Trespass for injuries for support to land alleged to have been caused by failure to furnish lateral and vertical support.    Before EVANS, J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,500.

*Errors assigned* were, among others, refusal to enter judgment for defendant n. o. v.

*M. J. Martin,* with him *Ralph W. Rymer,* for appellant. —The plaintiff having declared against two joint tort feasors, a judgment cannot be entered on a verdict against one only without amending the declaration before trial and evidence offered: Wiest v. Electric Traction Co., 200 Pa. 148; Goodman v. Coal Twp., 206 Pa. 621; Dempsey v. Devers, 43 Pa. Superior Ct. 193.

The plaintiff cannot recover damages for injuries caused by mining not done under his lot within six years of the institution of his suit.

A verdict in favor of the defendant should have been directed because the plaintiff declared in his statement solely for failure to provide subjacent support to his lot, and he was not entitled to recover damages for injury resulting from distant mining or failure to provide lateral support: Pringle v. Vesta Coal Co., 172 Pa. 438; General Electric Co. v. Garrett Coal Co., 141 Fed. Rep. 124.

A special verdict having been rendered in this case, the court in entering judgment thereon is confined to the facts found in said special verdict: Standard Sewing Machine Co. v. Royal Ins. Co., 201 Pa. 645; Donaldson Iron Co. v. Howley Construction Co., 226 Pa. 445.

*A. A. Vosburg,* with him *H. C. Reynolds* and *George L. Peck,* for appellee.—Where in an action of trespass the act of negligence is charged as a joint act of three defendants, the plaintiff may discontinue as to two. This

amendment does not change the cause of action: Booth v. Dorsey, 202 Pa. 381; Benjamin v. Holgate, 51 Pa. Superior Ct. 104.

"Where there are two causes operating at the same time to produce a given result, they are concurrent": Tierney v. Coal Co., 16 Luz. Leg. Reg. 365; Pringle v. Vesta Coal Co., 172 Pa. 438; Tischler v. Penna. Coal Co., 218 Pa. 86.

The verdict was not a special verdict in the sense that it comprehended all of the facts in the case, or was intended so to do. It was simply a request for special findings upon certain of the important features in the case.

There can be no doubt about the legality or propriety of submitting questions to the jury in connection with a general verdict.

The Supreme Court of Pennsylvania has approved this practice in a long line of cases, one of the latest of which is the case of O'Boyle v. Kelly, 249 Pa. 13; McHale v. McDonald, 175 Pa. 633.

OPINION BY WILLIAMS, J., October 9, 1916:

Plaintiff sued the Peoples Coal Co. and the D., L. & W. R. R. Co. for damages to his property which resulted through the failure of the defendants to provide proper surface support during mining operations. The statement of claim declared against the two defendants. Prior to the trial the plaintiff, by leave of court, amended the record by dropping the name of the railroad company, because it had by mistake been joined as a defendant. The coal company excepted to this action but not being assigned as error, it is not before us. The statement of claim averred the lack of proper support, and the failure to provide timbers and props as required by law. There was no release of the right of surface support. The issue was whether or not the defendant coal company had mined any coal under the plaintiff's lot

within six years of the bringing of the suit.    Suit was brought December 10, 1912.

The evidence produced was that royalties were paid for coal mined in the tract from 1901 to 1915; that defendant had reported to the county commissioners that it had mined coal therein in 1911; that the maps of the company indicated mining by it within twenty-five feet of the plaintiff's lot as late as December 20, 1906.    Three witnesses testified that they had heard blasting going on under the plaintiff's lot and adjoining lots from 1906 to 1908, at which time the big cave-in occurred which caused the most damage; officials of the company admitted to plaintiff's witnesses that there had been mining under the tract, including the plaintiff's lot in 1912; that there had been pillar robbing under the tract; that the colored maps with no dates showed mining under the tract from 1906 to 1913.    The president of the company admitted that the fall in 1908 was due to the operations of his company.    The plaintiff's experts testified that the fall was caused by pillar robbing.    All of this testimony was of course denied by the witnesses for the defendant.

The court, in its charge, expressly told the jury that they could not find a verdict for the plaintiff unless they found that there had been mining under the plaintiff's lot or adjacent lots within the six years immediately preceding the bringing of the suit.    The verdict settles the question in favor of the plaintiff.    The measure of damages for failure to furnish lateral support being different from that in the case of a failure to furnish subjacent (vertical) support, the court in addition to its charge submitted three questions to the jury to settle any dispute as to the amount of the damages: (1) "Is your verdict based upon the finding that there was mining beneath the plaintiff's lot within six years prior to the beginning of suit, and a failure to provide vertical support?"    (2) "Is your verdict based upon a finding that the subsidence of the lot was due entirely to mining under adjacent property in the vicinity of the plaintiff's

lot, and a failure to supply lateral support?" (3) "Is your verdict based upon the finding that there was mining both beneath the lot of the plaintiff and the lots lying near to it, and that the cave-in or subsidence was due to both of these combined?"

The jury answered the first two questions in the negative and the third in the affirmative, and returned a verdict in favor of the plaintiff for $1,500. The defendant moved for judgment n. o. v., which was refused and judgment was entered on the verdict for the plaintiff. From that judgment the present appeal has been taken.

The questions raised by the assignments of error are: (1) Was the dropping of the name of the D., L. & W. R. R. Co. from the case as a party sufficient amendment of the pleadings to justify the entry of judgment against the defendant alone? (2) Is the declaration of the plaintiff sufficient to cover a failure to furnish lateral support as well as vertical support? (3) Must the verdict and judgment be predicated entirely on the answers to the three questions, or on the general verdict as moulded by the general charge in conjunction with these answers? (4) Was there evidence to sustain the verdict?

The appellee makes no contention that he is entitled to recover if the defendant did no mining under the property within the time limited by the statute of limitations. That phase of the appellant's argument is, therefore, immaterial. If the four questions, supra, are answered in favor of the appellee the contentions of the appellant will be disposed of.

(1) The amendment of the record and pleadings was permissible: Dutton v. Lansdowne Borough, 198 Pa. 563; Minnich v. Lancaster, Etc., Electric Ry. Co., 203 Pa. 632; Goodman v. Coal Twp., 206 Pa. 621. The amendment was sufficient: Rowland v. Philadelphia, 202 Pa. 50; Crane v. Lynch, 27 Pa. Superior Ct. 565, 568. The cases cited by the appellant to show that no judgment could be entered against one of several tort feasors where there

had been no joint tort, are distinguishable on the ground that in none of them was there an amendment of the pleadings.

(2) The statement claims damages for failure to furnish "proper support." The company owed a common law duty to furnish both vertical and lateral support and the statement is sufficient to cover both derelictions. The court could not affirm points which assumed that liability existed only for failure to furnish vertical support.

(3) If the verdict was considered solely as a special verdict, the judgment could not be sustained: Standard, Etc., Co. v. Royal Ins. Co., 201 Pa. 645. The court below points out that the verdict was a general one and the questions asked were merely to make sure that no mistake was made as to the measure of damages. The practice of having the jury make special findings in relation to a general verdict under a full charge has never taken strong hold in this State. It is, however, almost a universal form of procedure in other jurisdictions and may be claimed as a matter of right by either litigating party: 38 Cyc. 1907 et seq. In pursuance of this practice a general verdict accompanied by answers to special questions is not a special verdict: Gale v. Priddy, 66 Ohio 400; McDougall v. Ashland, Etc., Co., 97 Wis. 382; Lake, Etc., Co. v. Teeters, 166 Ind. 335, 5 L. R. A. (N. S.) 425, and Elliott v. Miller & Co., (Cir. Ct. E. D. of Pa.), McPherson, J., 158 Fed. 868. In the last cited case it was held that while under the Pennsylvania practice, a special verdict must place on the record all the essential facts of the case, disputed or undisputed, upon which facts alone without inferences of other facts, the judgment is to be rendered, that, nevertheless, where a case is submitted generally, the fact that certain disputed questions of fact were also submitted for findings thereon does not render the verdict a special one. A situation more identical with the present case would be difficult to find and the reasoning is equally applicable.

The verdict in the present case was general, under proper instructions from the trial court, and the special findings are effective only for the purposes for which they were propounded, viz: to determine whether the damages were assessed for a failure to furnish lateral support, or to furnish subjacent or vertical support. A fair construction of the questions and answers will not reveal any inconsistency. The court asked if one condition existed alone or if a certain other condition existed alone, or if both existed in conjunction. The jury answered "no" to the first two and "yes" to the last. It could not have answered all of them in the affirmative without being inconsistent.

As the evidence was sufficient to permit the jury to draw an inference that there had been mining both under the plaintiff's lot and under the adjoining lots within the statutory limitation, the court would have committed clear error to have entered judgment n. o. v. there being a disputed material fact: Dalmas v. Kemble, 215 Pa. 410.

The assignments of error are overruled and the judgment affirmed.