# Panek, Appellant, *v.* Scranton Railway Company.

*Negligence—Street railways—Passenger on back platform—Fall turning curve — Crowded car — Conflicting evidence — Burden of proof—Contributory negligence—Special verdict—Single question —Failure to object—Waiver.*

1. A single finding of the jury in response to a specific question by the court cannot be sustained as a special verdict; it is the province of a special verdict to find and place on the record all the essential facts in the case; this includes the disputed as well as the undisputed facts. What is not found by the verdict is presumed not to exist and no inferences as to matters of fact are permitted to supply the facts themselves which the verdict should have found. In entering judgment the court is confined to the facts found by the special verdict and unless they are sufficiently found no judgment can be entered. The jury must find the facts and the court declare the law on the facts so found.

2. It is proper for the court in certain cases to request the jury to find a special verdict or to make special findings of fact in addition to the general verdict.

3. Where, in an action against a street railway company brought by a passenger to recover damages for injuries sustained in consequence of being thrown from the platform of a trolley car on which he was riding, the court began, seemingly, to deliver a general charge to the jury and then submitted to the jury the ques-

tion, "Was there available space inside the car where plaintiff could have stood had he chosen to do so?" and the jury answered the question in the affirmative, and the court thereupon directed a verdict for defendant, the finding of the jury could not be sustained as a special verdict, and the court should have submitted the whole case to the jury, there being conflicting evidence on such disputed question of fact.

4. In such case, where the question was not of itself conclusive of the rights of the parties, and the court suggested that, after its answer, he would instruct the jury on the further questions of the case, the plaintiff's rights were not waived because his counsel failed to object to the submission of that question, or by the fact that he called the court's attention to certain evidence relating thereto, especially where, before the verdict was rendered, the plaintiff secured an exception to the charge of the court and answers to the points in the usual form.

5. Where there was evidence that the accident happened while the car was rounding a curve at a high rate of speed, and that it resulted in consequence of the sudden lurching of the car; that the car was so crowded that there was no standing room inside, which made it necessary for plaintiff to stand on the platform and where, if there was such standing room inside, there was evidence that the entrance of the car was so crowded as to render it impracticable for plaintiff to reach the standing room, the case should have been submitted to the jury, notwithstanding a strong preponderance of the evidence in favor of the defendant.

6. Where plaintiff contended that he was unable to pass into the car because of the passengers standing therein, the question whether there was standing room in the front or rear of the car was material and the court erred in charging the jury that it was a minor circumstance and did not make much difference one way or the other.

7. Where a passenger is injured while standing upon the platform of a car, the burden is upon him to show that there was no room for him inside, or if there was such room, that the crowded condition of the car made it impracticable for him to reach it; failing to meet this burden, he is charged with contributory negligence.

Argued May 1, 1917. Appeal, No. 99, Jan. T., 1917, by plaintiff, from judgment of C. P. Lackawanna Co., Oct. T., 1914, No. 223, on directed verdict for defendant, in case of John Panek v. The Scranton Railway Company. Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for personal injuries. Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Errors assigned* were instructions to the jury.

*Morgan S. Kaufman,* with him *Philip V. Mattes,* for appellant.—It was error to direct the jury to make a special single finding of fact without submitting the whole case to them under a general charge: Standard Sewing Machine Co. v. Royal Insurance Co., 201 Pa. 645; Vansyckel v. Stewart, 77 Pa. 124.

The case was for the jury: Elmer v. Pittsburgh Rys. Co., 251 Pa. 505; Renney v. Webster, Monessen, Belle-vernon & Fayette City St. Ry. Co., 50 Pa. Superior Ct. 579; Bumbear v. United Traction Co., 198 Pa. 198.

*W. L. Hill,* of *Warren, Knapp, O'Malley & Hill,* for appellee.—The defendant was entitled to a nonsuit and to binding instructions without any submission to the jury: Paterson v. Philadelphia Rapid Transit Co., 218 Pa. 359; Frega v. Philadelphia Rapid Transit Co., 245 Pa. 31; Dove v. Philadelphia Rapid Transit Co., 253 Pa. 439; Shope v. Central Penna. Traction Co., 242 Pa. 207; Underwood v. Pittsburgh Rys. Co., 238 Pa. 332; Borns-cheuer v. Consolidated Traction Co., 198 Pa. 332; Virgilio v. Walker & Brehm, 254 Pa. 241; McDade v. Philadelphia Rapid Transit Co., 215 Pa. 105; Sanson v. Philadelphia Rapid Transit Co., 239 Pa. 505.

The trial judge has a right to request the jury to make a specific finding on any material point in a case and that is all that was done in submitting the one question to the jury: Union Tr. Co. of N. Y. v. Gilpin, 235 Pa. 524; Pittsburgh, Ft. Wayne & Chicago R. R. Co. v. Evans, 53 Pa. 250; Patterson v. Kountz, 63 Pa. 246;

Munley v. City of Scranton, 4 Pa. D. R. 117; Von Storch v. Von Storch, 4 Lacka. L. N. 25.

OPINION BY MR. JUSTICE WALLING, June 30, 1917:

This is an action against a street railway company for injuries to a passenger. On the afternoon of May 29, 1914, plaintiff became a passenger on one of defendant's electric street cars to go from Scranton to Old Forge, in Lackawanna County. He remained on the rear platform; and as the car rounded a curve after passing down off the bridge or viaduct near Taylor he was thrown or fell to the street pavement and was injured. The evidence was conflicting as to whether the accident happened at or beyond the curve; also as to whether it was the result of a sudden lurch or jolt of the car, or of plaintiff's carelessly stepping back off the platform; also as to the speed of the car, which estimates of witnesses placed from seven to twenty-five miles per hour; and as to whether the car was so crowded that there was no standing room inside for plaintiff; and, if there was such standing room inside, whether the entrance to the car was so crowded as to render it impracticable for plaintiff to reach the same; and also as to the extent of plaintiff's injuries. While as to some of these questions the preponderance of the evidence was strongly with defendant, yet as to each there was evidence tending to support plaintiff's contention, and make the case proper for submission to the jury. We are therefore of the opinion that the learned trial judge erred in directing a verdict for the defendant. He began seemingly to deliver a general charge but after some comments said to the jury, "One question about which there is evidently some dispute here between the parties, goes to the extent to which the car was loaded with passengers at the time and I have enough curiosity about it so I want the benefit of your judgment." Which he followed by calling their attention to the evidence upon that question, and then said, "This in a very general way covers the evi-

dence upon that disputed point; and that is the thing about which I want your judgment in the first instance, and I am asking your leave to submit to you a specific question, so you will retire and come back and answer it, and then I will instruct you upon the further questions in the case. It is this: 'Was there available space inside the car where plaintiff could have stood had he chosen to do so?'" After some further remarks the jury retired and returned with an affirmative answer to that question; whereupon the court directed a verdict for defendant as above stated. That single finding cannot be sustained as a special verdict. "It is the province of a special verdict to find and place on record all the essential facts in the case. This includes the disputed as well as the undisputed facts. What is not found by the verdict is presumed not to exist, and no inferences as to matters of fact are permitted to supply the facts themselves which the verdict should have found. In entering judgment, the court is confined to the facts found by the special verdict, and unless they are sufficiently found no judgment can be entered. The jury must find the facts and the court declare the law on the facts so found. Such are the requisites of a special verdict as held in all our cases": Standard Sewing Machine Company v. Royal Ins. Co., 201 Pa. 645, 647; Kelchner v. Nanticoke Boro., 209 Pa. 412. Of course the special finding is not important if under all the evidence the court was justified in directing a verdict for defendant; and we have considered that question and concluded that the case was for the jury. If with eight or ten passengers standing on the rear platform the car went around the curve with such high speed as to cause a lurch sufficient to bump the passengers so standing against each other and thereby cause plaintiff to fall through the open door, that would be evidence of defendant's negligence. It is the duty of a passenger to go inside the car, and if he is injured while standing upon the platform the burden is upon him to show that there was no unoccupied room

inside the car, or, if there was such room, that it was impracticable for him to reach it because of the crowded condition of the passageway leading thereto. Failing to meet that burden he is chargeable with contributory negligence and cannot recover. This question is fully considered in the opinion of our Brother MESTREZAT in Elmer v. Pittsburgh Railways Co., 251 Pa. 505; see also Renney v. Webster, Monessen, Bellevernon & Fayette City St. Ry. Co., 50 Pa. Superior Ct. 579. The special finding that there was available space inside the car where plaintiff could have stood had he chosen to do so, · seems to ignore the question as to its being practicable for plaintiff to reach such space; at least, the question leaves that matter in doubt. But it is wrong in a broader sense. A case should be submitted to the jury as an entirety and not in fragments, and so that, whichever way they find, judgment may be entered thereon. Had the question here been answered in the negative it would have necessitated the submission of various other questions singly or in combination, and would have deprived the jury of its right to render a general verdict. It is undoubtedly proper for the court in certain cases to request the jury to find a special verdict, or to make special findings of facts in addition to the general verdict, but that is not what was done here.

The practice adopted by the court below may seem to be sanctioned by Union Trust Co. of N. Y. v. Gilpin, 235 Pa. 524; but that was an action of assumpsit and the several findings may have embraced all the essential facts. The objections there were not to the right of the court to so submit questions to the jury, but to the manner in which they were submitted and to certain particular questions. There the appellant seems to have joined in that method of submission and requested the court to submit certain other questions, as we learn from the paper books. And in O'Boyle v. Kelly, 249 Pa. 13, 19, the method of submitting the case was unimportant for we there held, "that the trial judge would have

been entirely justified in giving binding instructions for the plaintiffs."

As the question submitted to the jury here was not of itself conclusive of the rights of the parties, and as the court suggested that after its answer he would instruct the jury upon the further questions in the case, we cannot say that plaintiff's rights were waived because his counsel failed to object to that question and call the court's attention to certain evidence relating thereto. Before the verdict was rendered plaintiff secured an exception to the charge of the court and answers to the points in the usual form.

In view of plaintiff's contention that he was unable, to pass into the car because of passengers standing therein, the question as to whether they were standing in the front or rear end of the car became of some moment; and in our opinion the court erred in charging the jury that it was a minor circumstance and did not make much difference one way or the other. We therefore sustain the seventh assignment of error relating thereto. The first and fifth assignments of error referring to the action of the court in submitting the one single question to the jury are also sustained, as is the sixth assignment to that part of the charge directing the jury to find for the defendant. And as the court only instructed the jury as to one question, the ninth assignment of error, which complains of the charge as a whole, is also sustained.

The judgment is reversed and a venire facias de novo awarded.