# Thompson for use, Appellant, *v.* Emerald Oil Co.

*Practice, C. P.—Verdict — Special verdict — General verdict— Power of court to mold verdict.*

1. The court may mold verdicts to express the jury's will.

2. Where a special verdict has been received, that answers only part of the issues raised, the court cannot, after the discharge of the jury, remold the verdict.

3. When a special verdict has been returned that is open to conflicting inferences on the main issues the court cannot remold it.

4. In neither case may it be done where the remolding involves the finding of a fact within the jury's control.

*Master and servant—Salary—Discharge—Action — Contract — Prior statements—Evidence—Varying writing.*

5. A discharged employee is not obliged to wait until the termination of his contract of service to bring suit for monthly instalments due, where he alleges that he was wrongfully discharged.

6. Where a contract obliges an employee of a corporation to render services as financial manager to the best of his ability, statements made, prior to the execution of the·contract, as to ability, should not be considered as varying the written contract, but explanatory of it, and are pertinent to the issue.

Argued October 17, 1923. Appeal, No. 159, Oct. T., 1923, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1922, No. 1000, on verdict for defendant, in case of Alexander C. Thompson for use, etc., v. Emerald Oil Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit on written contract of employment. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

The verdict as rendered is quoted in the opinion of the Supreme Court. Judgment was entered on a verdict for defendant generally, as amended by the court below.

*Error assigned* was, inter alia, judgment, quoting it.

*Frederic W. Miller* and *Charles M. Johnston,* for appellant.—The verdict is fatally defective in both form and substance and this alone is a sufficient reason for reversing the judgment of the court below.

It is not a special verdict because it does not contain all of the essential facts in the case: Standard Sewing Machine Co. v. Ins. Co., 201 Pa. 645.

It is not a general verdict because it does not find in favor of either the plaintiff or defendant, either expressly or by implication: Kerr v. Meredith, 4 Yeates 283; Patterson v. United States, 2 Wheaton 222.

*John M. Haverty,* for appellee.—When the verdict rendered is not in the proper form, the trial judge has the power to correct it and to mold it into proper form: Com. v. Mincuso, 273 Pa. 474; Columbia Glass Co. v. Glass Co., 43 Pa. Superior Ct. 367; Blake v. Hunsberger, 46 Pa. Superior Ct. 32; Kramer v. Kister, 187 Pa. 227; Smith v. Meldren, 107 Pa. 348; Thrall v. Wilson, 17 Pa. Superior Ct. 376; Green v. Sun Co., 32 Pa. Superior Ct. 521; Smith v. Pub. Co., 178 Pa. 481; Martin v. Boro., 243 Pa. 500; Kohler v. R. R., 135 Pa. 346.

OPINION BY MR. JUSTICE KEPHART, January 7, 1924:

Plaintiff sues to recover on a written contract or contracts of employment. He had been employed for a number of years, prior to his engagement with defendant, as financial manager of the Frederick Investment Company, receiving a yearly salary of $10,000, which, through bonuses, was being increased. Theretofore his connections had been with financial houses in Pittsburgh and New York. September 20, 1920, he was importuned by an officer of defendant to leave his then employment and come with their company as financial manager. The proposition was held in abeyance; finally, December 20th, it was agreed in writing that plaintiff would accept the position, his services to begin April 1st of the following year. Because of defendant's insistence on immediate aid, plaintiff was induced to assume a part of his duties at an earlier date, January 8th. The contract was for three years, commencing April 1st; the compensation for the three years was fixed at $75,000, payable in monthly instalments of $2,083.33-1/3. From January 8th until April 1st, the compensation was to be one-half the foregoing monthly salary; half his time was to be given each of the companies. On April 1, 1921, he severed connection with the investment company.

Plaintiff was required to "render services to the best of his ability to manage, direct and consummate such

things as may be necessary and desirable in order to promote, protect and carry on the financial affairs of the company in accordance with such policies as may be adopted by the board of directors." Evidence was offered to show plaintiff's performance of the engagement, filling every reasonable obligation imposed until August 9th, when he was notified by defendant to remove his personal effects from its offices in the city of Pittsburgh, and was asked to resign as vice-president and director of the company.

On April 30, 1921, he received in part payment for services the company's gold notes of the value of $4,959; nothing was received for the two months following, and of course nothing for the balance of the time the contract was to run. An action was instituted July 29th, to recover the amount due; this suit was discontinued and later the present one brought to recover for the breach of the contract.

Defendant claimed plaintiff misrepresented his ability and capacity to properly negotiate loans, was incompetent, not in any respect able to perform the duties required; that his acts embarrassed the company's success, and that plaintiff quit the company's services without discharge. Plaintiff contended, however, that because of the company's financial situation through improvident loans, entangling the property, it was impossible to finance any project while these loans were outstanding; furthermore, that he was induced to enter the company's employ because he was given to understand by one of its officers the company was in a flourishing condition, and all that was necessary to make it a big concern was new financing, easily accomplished. On his investigation it developed the drillers were about to file liens for their work on the various oil lands in Kansas because they had not been paid, and the affairs of the company were in such shape a friendly receivership would be best for it. Other matters bearing on the issues appeared in evidence; the difficulty was brought

to a head when suit was entered. It is at or near this time the question of discharge arises. It became important for the jury to determine what the plaintiff did undertake to do, and if he had substantially performed his contract of employment to the time the separation took place. Was the latter voluntary or forced? As these questions were decided, compensation was or was not to be awarded. While the contract commencing April 1st was entire, it was nevertheless severable as to performance and monthly payments. If plaintiff was discharged without cause he was entitled to recover under the terms of the contract, less contingencies recognized under the law. If he quit, and his leaving was accepted by defendant, both parties regarding the contract rescinded, was he entitled to services up to the time he left? It will be remembered he was paid from January 8th to April 30th of that year, less some few dollars. Defendant in its affidavit filed a counterclaim for the amount so paid. Plaintiff states he continued in the employ of the company from April 30th until August 9th; defendant claims he quit about July 1st. There was evidence from which the jury could find he was engaged in the service of the company in its office in Pittsburgh and elsewhere until August 9th.

We have endeavored merely to point to the issues raised by the pleadings and the evidence, sufficient on which to predicate what we are about to discuss. The jury found the following, and it is the only verdict in the case, and the one on which the court, after the jury's discharge, erroneously entered a judgment for defendant: "And now, to wit: Tuesday, February 13, 1923, we, the jurors impaneled in the above entitled case, find that we, the jurors agree by the action of Mr. Thompson subsequent to April 30th that he discharged himself upon non-fulfillment of contract but is entitled to retain all moneys paid to him up to and including April 30th by defendant company, that we so find."

The above is a special verdict, and not a general verdict accompanied by specific findings of fact; in the latter instance the specific findings are always brought in with, and in addition to, the general verdict: Panek v. Scranton Ry. Co., 258 Pa. 589, 594; Reese v. Peoples Coal Co., 64 Pa. Superior Ct. 519, 524; see also Patterson v. Kountz, 63 Pa. 246, 249, 252; Chambers v. Davis, 3 Wharton 40, 43, 47. Here there is no general verdict; hence the findings of the jury must be considered as a special verdict and subject to the established rules of practice in that regard.

We do not doubt the right of the court to mold a verdict so that it expresses the will of the jury. This we have decided many times: Standard Sewing Machine Co. v. Royal Ins. Co. of Liverpool, 201 Pa. 645; Com. v. Micuso, 273 Pa. 474; Com. v. Miller and Burke, 77 Pa. Superior Ct. 469; Columbia Glass Co. v. Atlantic Glass Co., 43 Pa. Superior Ct. 367. But when a special verdict has been returned by the jury answering only a part of the issues in the case or is open to conflicting inferences on a particular issue determinative of a substantive part of the case, the court cannot, after the jury has been discharged, mold the verdict into what it thinks the jury intended to find. More especially is this true where such determination involves the finding of a fact within the exclusive province of the jury. By this verdict it is impossible to tell when, after April 30th, Thompson "discharged himself." Was it before this suit was instituted or as of July 1st? This was an important item as bearing on his right to recover for two months after April 30th. Was it on plaintiff's "non-fulfillment of the contract," or defendant's "non-fulfillment of the contract"? The words may apply, with equal force, to either. When did the non-fulfillment take place? The verdict shows the jury was laboring under some misconceived idea as to their duty, not comprehensive of the issues involved.

Each side undertook to show the other at fault, defendant always claiming it had not discharged Thompson. The trial judge held from this verdict plaintiff left the company's service July 1st, because he had not complied with the terms of the contract. By so doing he was not entitled to recover generally on the contract; nor was he entitled to recover for services up to the time he left. Though no money was awarded, under the indefinite and ambiguous verdict, that is of no consequence. The special verdict is not responsive to the issues; nor does it attempt to answer the questions submitted by the trial judge. Such special verdicts are defective.

Evidently the confusion came from the court's instruction, and the jury might well feel the questions answered were the only ones before it. The court charged: "You should state in your verdict your finding as to whether or not defendant discharged the plaintiff. You should write that out in your verdict. And if discharged, you should give the date of the discharge and state whether the discharge was without just cause or with just cause. Now, we must be certain about that. We must know just what your finding is as to the circumstances under which this plaintiff left this employment. Was he discharged by the defendant? If he was, when was he discharged, and was he discharged without just cause or with just cause? If he was discharged without just cause, you will then determine the damage for the entire term of this contract, namely, to April 1, 1924. If you find that the defendant discharged him, for just cause, had good reason for discharging him, you should state the date of the discharge, and in such case there should be no damage after the date of the discharge." If he was not discharged, was he entitled to compensation for May and June; did he perform during those months? We do not know the reason for requiring these findings to be written into the verdict. We said, in Standard Sewing Machine Co. v. Royal Insurance Co., supra, 645, 647:

"It is the province of a special verdict to find and place on record all the essential facts in the case. This includes the disputed as well as the undisputed facts. What is not found by the verdict is presumed not to exist, and no inferences as to matters of fact are permitted to supply the facts themselves which the verdict should have found. In entering judgment, the court is confined to the facts found by the special verdict, and unless they are sufficiently found no judgment can be entered." In Wallingford v. Dunlap, 14 Pa. 31, 33, it is said: "It is of the very essence of a special verdict that the jury should find the facts, on which the court is to pronounce judgment according to law......And the court will not intend anything, especially any fact not found by the jury." "The law is clearly settled, that the jury must answer to the whole issue, which they have been charged with; otherwise the verdict is bad": Kerr v. Meredith, 4 Yeates 283, 295; Panek v. Scranton Ry. Co., supra, 593, 594. A verdict that varies from the issues in substantial matters is bad, and if it appears a judgment has been entered on a verdict deciding only a part of the issues, and those indefinitely, the judgment will be reversed and a new trial ordered.

As a new trial must be ordered, it may be well to call attention to some matters in the judge's charge. It covered forty-five printed pages. The court holds substantially that because plaintiff brought suit for two months' salary, he considered the contract at an end. He was not required to wait three years before he could sue for monthly instalments due. The court erred in not instructing the jury as requested by plaintiff's counsel. In answering the request, the court stated: "He was asked not to insist on payment right at once; to do as others did, and defer action with reference to it for a while." Without evidence showing plaintiff's acceptance of such proposition, this instruction was not warranted.

The contract obliged him to render services as financial manager to the best of his ability. The statements made prior thereto should not be considered as varying the written contract, but explanatory of it. It would be exceedingly difficult to narrate each single matter entering into such contracts, founded as they are on some representation as to ability. Under the circumstances, defendant's evidence as to prior conversations was pertinent to the issue.

The judgment of the court below is reversed, and a venire facias de novo awarded.