## Ellenberger v. Rose et ux.

*John J. Haberstroh,* for plaintiff; *D. Lloyd Claycomb,* for defendants.

PATTERSON, P. J., July 23, 1932.—The plaintiff instituted this action in assumpsit to recover rent alleged to be due under an article of agreement which provided for the leasing of certain premises used as a gasoline station and tearoom at a monthly rental of $100, to be paid in advance each month for a period of five years. Plaintiff offered evidence to show that defendants violated the terms of the lease by removing from said premises without permission. Defendants testified that they removed from said premises on November 26, 1930, with the consent of the lessor. At the trial before a jury on January 26, 1932, it was admitted that the rent was fully paid to the date of removal. The jury rendered the following verdict:

"And now, to wit, January 26, 1932, we, the jurors empanelled in above-entitled case, find that the said lease is not terminated but consider that the Crum-Ellenberger [the prosecutor] is amply compensated in the sum of $775, to be paid by the defendants, Mr. and Mrs. Rose, and costs to be equally divided between prosecutor and defendants."

The plaintiff now seeks to have the verdict remolded by striking out as surplusage that part which fixes $775 as the sum due plaintiff and also the part which disposes of the costs by dividing them between the parties and substituting therefor the sum of $1620 as the amount due at that time, this sum representing fourteen months' rent at $100 per month and $220 insurance paid by plaintiff.

The defendants, in support of their motion for new trial, contend that no judgment can properly be entered upon the verdict for the reason that it is contradictory in substance; that the same cannot now be remolded as the plaintiff suggests, and the verdict, being incomplete and contrary to law, is ineffective to support such a judgment.

Whether or not this verdict may be remolded as desired by the plaintiff presents a difficult question. The verdict of the jury should have been for the plain-

tiff in a certain sum alleged to have been due under the terms of the lease at the date of the trial or it should have been for the defendants. Instead, the jurors, evidently misunderstanding their duty, found "that the said lease is not terminated but consider that the Crum-Ellenberger [the prosecutor] is amply compensated in the sum of $775." In our judgment, this did not satisfactorily answer the issues which were being tried and which the court endeavored to explain in the charge to the jury. The fact that they arbitrarily fixed the sum of $775 indicates that the verdict was a compromise one. There is no evidence which would warrant such finding. Further evidence of their misunderstanding of the case is shown in that part of the verdict which divides the costs equally between the prosecutor and defendants. This was a civil case and there was no instruction given concerning the costs. That portion of the verdict is, therefore, void and mere surplusage. With this part eliminated, we have remaining only the finding "that the said lease is not terminated."

The right of the court to mold a verdict to conform with the intention of the jurors is well settled. However, in considering a verdict such as we have in the present case, it is impossible to conclude what was in the minds of these jurors. It was their duty to find either for the plaintiff or defendants, and if for the plaintiff, in a sum due by the terms of the lease. This was made clear to them in our charge, but instead of finding such general verdict they returned what is known in law as a special verdict. It was their duty to fix the amount of rent due, if they found for the plaintiff, but the amount which they suggest as ample compensation is unsupported by any evidence in the case, and since it is the substance of the verdict and not the form that is complained of, the court is without power to do that which the jurors under the law should have done.

In Thompson, for use, v. Emerald Oil Co., 279 Pa. 321, 326, in an opinion by Mr. Justice Kephart, it is held:

"We do not doubt the right of the court to mold a verdict so that it expresses the will of the jury. This we have decided many times: Standard Sewing Machine Co. v. Royal Ins. Co. of Liverpool, 201 Pa. 645; Com. v. Micuso, 273 Pa. 474; Com. v. Miller and Burke, 77 Pa. Superior Ct. 469; Columbia Glass Co. v. Atlantic Glass Co., 43 Pa. Superior Ct. 367. But when a special verdict has been returned by the jury answering only a part of the issues in the case or is open to conflicting inferences on a particular issue determinative of a substantive part of the case, the court cannot, after the jury has been discharged, mold the verdict into what it thinks the jury intended to find. More especially is this true where such determination involves the finding of a fact within the exclusive province of the jury."

It was clearly the exclusive province of this jury to find the sum due plaintiff if in their judgment plaintiff was entitled to recover, and since they have failed to find generally that the plaintiff was entitled to recover and merely stated that they considered plaintiff amply compensated, we must conclude that they, in effect, did not with any certainty find for the plaintiff in any amount. The verdict is, therefore, abortive and of no effect. We know of no power which would permit the court to award plaintiff the sum of $1620 instead of $775 as merely suggested in the verdict.

There are many cases where courts have reduced the amount of verdicts, but no case has been cited supporting the contention that a court may increase the amount of the verdict. In the present case, however, no amount is awarded plaintiff—it is merely considered, and the court would, therefore, have to assume to supply the most important part of the verdict, to wit, the full amount of plaintiff's claim, while the jurors do not go so far as to say that they have found for the plaintiff. Therefore, the motion to remold the verdict is denied and the motion for a new trial granted. From Robert W. Smith, Hollidaysburg, Pa.