## Morris et al. v. McKinley et al.

*Lawrence M. Sebring*, for plaintiffs and additional defendant.

*Graham & Dilley*, and *Reed & Ewing*, for defendants.

READER, P. J., May 11, 1938.—The above-entitled action was brought by Ralph C. Morris in his own right, and as husband of Helen E. Morris, and Helen E. Morris in her own right, against A. S. McKinley. Defendant, A. S. McKinley, brought upon the record as additional defendant Ronald Morris, a son of plaintiffs, his father, Ralph C. Morris, being named as his guardian ad litem. Ronald Morris, at the time of the bringing of the action and at the time of the trial, was a minor. Upon the trial of the case the jury found a verdict in favor of Helen E. Morris and against A. S. McKinley and Ronald Morris for $800. Following the verdict motions were made on behalf of both plaintiffs for a new trial, and a motion was made on behalf of Ronald Morris, the additional defendant, for judgment non obstante veredicto.

The action arose out of an automobile accident which took place on May 10, 1937. Helen E. Morris was riding in an automobile belonging to her husband and driven by her son Ronald Morris. At the intersection of Route 18 and Route 51, in this county, this automobile came in collision with an automobile driven by Dr. A. S. McKinley. In this collision Helen E. Morris suffered personal injuries, and the automobile of Ralph C. Morris was damaged. The action was brought to recover damages on these counts. The verdict of the jury in effect found that both A. S. McKinley and Ronald Morris were guilty of negligence, and that the accident involved in the suit was the result of the joint or concurrent negligence of both.

The motions of the two plaintiffs for a new trial are based, first, upon the general contention that the verdict is against the weight of the evidence, and upon the second ground, alleged in support of the motion of Helen E. Morris, that the verdict in her favor was inadequate. . . .

We come now to a consideration of the motion on behalf of Ronald Morris for judgment non obstante veredicto. This motion is based upon the position that plaintiff, Helen E. Morris, could not maintain an action against her

minor and unemancipated son, Ronald Morris, to recover on account of his negligence resulting in injury to her. In support of this position counsel for defendant relies upon the decision in the case of Duffy v. Duffy, 117 Pa. Superior Ct. 500. It was there held that the mother, who was the plaintiff, could not recover against her son, of the age of 18 years, for injuries she received while riding as a guest in a motor vehicle operated by him. The rule is based upon public policy, and is designed to preserve harmony and peace within families which might be disrupted by permitting actions between members of the family.

In the case of Briggs et al. v. City of Philadelphia et al., 112 Pa. Superior Ct. 50, it was held that the rule precluded an action by an unemancipated minor against his parent for personal injuries arising out of the negligence of the parent. The Briggs case was overruled by the Supreme Court (316 Pa. 48), but upon different grounds.

There can be no question as to the principle recognized in these cases. We are satisfied that, as the law now stands in this State under these decisions, a parent could not maintain such an action against an unemancipated minor child; nor could such child maintain such an action against the parent.

We are not satisfied, however, that this rule is applicable to the situation before us in the instant case. A different question is presented here by reason of the right of defendant McKinley to contribution as against the additional defendant Ronald Morris in case the latter was found to be guilty of negligence which combined with that of the original defendant in causing the accident.

There is the further question as to the effect of the Scire Facias Act of April 10, 1929, P. L. 479, as amended by the Acts of June 22, 1931, P. L. 663, May 18, 1933, P. L. 807, and June 25, 1937, P. L. 2118, 12 PS §141. In the case of Briggs et al. v. City of Philadelphia et al., supra, the right of a minor child to recover against the

city was sustained, although in the same action it was held that the city could recover over against the father of the plaintiff child, who was the tenant of the property abutting on the defective sidewalk which gave rise to the action. It was held that the rule established in the Duffy case and recognized in the Briggs case was not violated where the action was brought by the minor against an original defendant, who was not within the rule, by reason of the fact that this original defendant under the provisions of the Scire Facias Acts brought in as additional defendant the parent of the plaintiff.

The same principle was applied in the case of Koontz v. Messer et al., 320 Pa. 487. In this case the action was by the wife against a defendant for damages on account of injuries suffered in an automobile accident, in which the original defendant was not within the rule by reason of relationship. The original defendant, however, brought upon the record as additional defendant the husband of plaintiff on the ground that the husband was liable over to the original defendant.

In both of the cases last cited the additional defendant was brought in not as the person solely liable to the plaintiff, but because of an alleged liability over to the original defendant.

In the case of Jackson v. Gleason et al., 320 Pa. 545, plaintiff was an employe of the Philadelphia Rapid Transit Company. He was riding in a truck of that company which came in collision with an automobile driven by defendant, Gleason. Jackson, plaintiff, sued Gleason, and Gleason then caused a writ of scire facias to issue to bring the Philadelphia Rapid Transit Company upon the record as an additional defendant. The allegation of the writ was that the accident was caused by the negligence of the company's servant who was driving the truck in which plaintiff was riding. At the trial it appeared that plaintiff had been receiving compensation from his employer, the Philadelphia Rapid Transit Company, since the accident. The jury was instructed that there could

be no verdict against the company since the right of plaintiff against the company was covered by The Workmen's Compensation Act of June 2, 1915, P. L. 736, and a common-law action could not be maintained. In this case, apparently, the allegation of the scire facias was that the company sought to be made the additional defendant was alone liable for the cause of action declared on.

A similar situation is presented by the case of Murray et ux. v. Lavinsky et al., 120 Pa. Superior Ct. 392. In this case the original defendant also sought to bring in as an additional defendant the employer of plaintiff; and it was held, as in the case of Jackson v. Gleason et al., supra, that there could be no recovery by plaintiff against her employer; any claim against him being covered by The Workmen's Compensation Act, supra. In this case also the averment of the scire facias was that the person sought to be brought in as additional defendant was alone liable to plaintiffs. In this case the Superior Court said:

"Had the original defendant brought in the additional defendant by scire facias, alleging that the latter was liable over to him for the cause of action declared on or jointly liable therefor with him, a different situation would have been presented, and, if the facts in evidence warranted, the case would have been ruled by the decision of the Supreme Court, in Koontz v. Messer et al., 320 Pa. 487, 181 A. 792. There a verdict was sustained in favor of the plaintiff against the original defendants and also a verdict over in favor of the original defendants against the additional defendant, who had been brought in by scire facias proceedings by the original defendants on the allegation that as their driver, at the time of the accident, who was guilty of the negligence, if any, he was liable over to them;—and this notwithstanding the fact that the additional defendant was the husband of the plaintiff, whom she could not sue, nor could she recover verdict and judgment against him on the cause of action declared on."

The two cases last considered seem to hold that where the attempt is to bring in the additional defendant as solely responsible to plaintiff, he cannot be made an additional defendant if plaintiff could not have maintained an action directly against him. In the instant case the original defendant, McKinley, in his præcipe for the writ of scire facias averred that Ronald Morris was solely liable to plaintiffs, and the averment of the writ of scire facias was to the same effect. This would seem to bring the case within the rule of Murray et ux. v. Lavinsky et al., supra, and Jackson v. Gleason et al., supra. In the instant case, however, the additional defendant was served and appeared, and was represented by counsel at the trial. The verdict of the jury was not that he was solely liable to plaintiffs, but that he was jointly liable with the original defendant to his mother, Helen E. Morris. That such a verdict can be sustained, notwithstanding the averment of the scire facias, is established by the case of Majewski et al. v. Lempka et al., 321 Pa. 369. In this case the court said:

"In behalf of the additional defendants it is further contended that the court below should have entered judgment n. o. v. in their favor because of the fact that the writs of scire facias whereby they were summoned alleged that they were solely liable, whereas the jury's verdict established that the original defendant was also responsible. They argue that the writ of scire facias is not only a method of bringing a party into court, but that it is also a pleading and must, therefore, state a good cause of action: Nunamaker v. Finnegan, 110 Pa. Superior Ct. 404, 409, 168 A. 482; Rudman v. City of Scranton, 114 Pa. Superior Ct. 148, 153, 173 A. 892. It is urged, in view of the verdict finding her jointly liable, that the original defendant failed to state a good cause of action when she charged the additional defendants with sole liability. There is no merit in the argument. The evidence of the original defendant made out a prima facie case of sole liability on the part of the additional defend-

ants and it is of no moment that the jury, under all the evidence, found that all the defendants contributed to causal culpability. The finding against her was in all probability based upon the testimony that was offered, respectively by plaintiffs and by the additional defendants. She stated and offered testimony tending to prove that plaintiff's only cause of action was against the additional defendants, and the fact that plaintiffs and the additional defendants established a cause of action against her does not relieve the additional defendants. To hold otherwise would be to overlook the policy underlying the Act of April 10, 1929, P. L. 479, as it has been amended by the Act of June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807. The legislation is remedial and is intended to avoid multiplicity of suits. The original defendant is given the opportunity of bringing in other interested parties to the end that their liability, if any, may be determined at the same time the original defendant's liability is adjudicated. The fact that these defendants were all held liable in one action was due to the very nature of the trial provided for in the act referred to. The case of *Nunamaker v. Finnegan*, supra, upon which the additional defendants strongly rely, can have no application here. That case was decided under the original Act of 1929. By way of contrast, the very basis of the original defendant's procedure in the present case was the subsequent amendatory legislation, which broadened the scope of the original act. It is now expressly provided that 'where it shall appear that an added defendant is liable to the plaintiff, either alone or jointly with any other defendant, the plaintiff may have verdict and judgment or other relief against such additional defendant to the same extent as if such defendant had been duly summoned by the plaintiff and the statement of claim had been amended to include such defendant, and as if he had replied thereto denying all liability.' "

It seems clear to us, under the decision cited, that if the original defendant McKinley had brought upon the

record the additional defendant Ronald Morris as liable over to him, or as jointly liable with him, the action could properly be so maintained and a verdict could be returned in favor of plaintiff and against the original defendant, and a verdict in his favor against the additional defendant, or in favor of plaintiff and against the two defendants jointly. If, as the jury have found, Ronald Morris was guilty of negligence, which contributed to bring about the accident and the resulting injuries, his negligence being combined with that of the original defendant, the latter would have the right of contribution against him: Goldman et al. v. Mitchell-Fletcher Co., 292 Pa. 354.

The purpose of the scire facias acts is to bring about an adjustment of these several claims in one action where possible. If the verdict as returned can be sustained and judgment be entered upon it this end will be obtained. We think it is possible, in accordance with sound legal principles, to sustain the verdict and enter judgment upon it. Plaintiff, Helen E. Morris, has not by any affirmative act instituted an action against her minor son. No affirmative act on her part would be involved in entering judgment against him upon the verdict. This would result only in case she were to cause an execution to be issued for the purpose of collecting her judgment against her son. An execution by her against defendant McKinley would not involve her in conflict with her son. We think we may properly, in view of the fact that the additional defendant appeared and went to trial, and in view of the verdict, treat the writ of scire facias as amended to bring it in harmony with the evidence and the verdict. This would be nothing more than an exercise of the long recognized power of the courts to mold verdicts and judgments, and permit the amendment of pleadings in order that substantial justice may be done— as is said in the case of First National Bank of Pittsburgh v. Baird, 300 Pa. 92, 101:

"In all civil litigation, the trial courts, at least to the extent that they are not inhibited by statute, have the power to control the procedure so as to attain 'justice without sale, denial or delay.' It may be said, generally speaking, that, in the absence of applicable legislation, this control is only limited by the constitutional requirements of the right of trial by jury, and the litigant's right to a full and fair hearing before judgment is entered against him. Under prior procedure, a trial judge could take all the evidence on the question of defendant's liability in a negligence case, without receiving that which related to the damages, and enter a nonsuit if, upon the evidence produced, a verdict against defendant would not be sustained; though, under Panek v. Scranton Ry. Co., 258 Pa. 589, and Thompson v. Emerald Oil Co., 279 Pa. 321, 326, a verdict could not thus be reached. The Act of 1929, however, gives additional power to the courts in proceedings affected by it. Under it, any issue the determination of which will speed the disposition of the whole or any definite part of the controversy, and which can be justly and fairly tried first, without injuriously affecting the other parties to the action, may be thus heard and disposed of before hearing evidence on the other issues. The only limitation on the trial judge's power in this respect, is that whatever course is taken must be 'according to equitable principles,' that is, it must be just and fair from the standpoint of equity and good conscience. What we have said is not intended to express the extent of the controlling power of the court in such cases, but simply to point out one of the ways by which, under friendly interpretation, the statute may be made a beneficent means of reaching justice speedily, and at a minimum of cost to litigants and to the State."

See also Vinnacombe et. ux. v. Philadelphia et al., 297 Pa. 564, and Bailey v. C. Lewis Lavine, Inc., 302 Pa. 273.

We could, of course, grant a new trial, and permit the amendment of the præcipe for the writ of scire facias and the writ of scire facias itself, so as to aver that the addi-

tional defendant is liable jointly with or over to the original defendant, and so bring the case within the ruling of Briggs et al. v. City of Philadelphia et al., and Koontz v. Messer et al. If upon a trial under the amended pleadings the jury should reach the same conclusion as stated in the verdict now before us, we think the verdict could be sustained. We see no good reason why the same result cannot be reached, without the delay and expense of another trial, by treating the præcipe and writ of scire facias as amended now in the manner suggested, in harmony with the evidence and the verdict.

We are of the opinion, therefore, that judgment may be entered upon the verdict in favor of Helen E. Morris and against A. S. McKinley and Ronald Morris, represented by his guardian ad litem, Ralph C. Morris; execution upon said judgment to be controlled by the court so that it shall be used by plaintiff only against defendant A. S. McKinley, and by the latter to compel contribution by the additional defendant, Ronald Morris. This we think will give effect to the scire facias acts in minimizing litigation, and at the same time will protect the minor defendant against any direct legal action by his mother, the plaintiff.

### Orders

Now, to wit, May 11, 1938, the motion of Helen E. Morris for a new trial is hereby overruled and a new trial is refused.

Now, to wit, May 11, 1938, the motion of Ralph C. Morris for a new trial is hereby overruled and a new trial is refused.

Now, to wit, May 11, 1938, the motion of Ronald Morris, by his guardian ad litem, Ralph C. Morris, for judgment non obstante veredicto is hereby overruled; and it is hereby ordered, adjudged, and decreed that judgment be entered upon the verdict in favor of Helen E. Morris and against A. S. McKinley, defendant, and Ronald Morris, additional defendant, represented by Ralph C. Morris, his guardian ad litem.